**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SONRAI MEMORY LIMITED,<br><br>        Plaintiff,<br><br>    v.<br><br>ORACLE CORPORATION,<br><br>        Defendant. | Case No. 6:21-cv-00116-ADA<br><br>**JURY TRIAL DEMANDED** |

**ORACLE'S OPPOSED MOTION FOR INTRA-DISTRICT TRANSFER TO THE
<u>AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS</u>**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................... 1

II. PROCEDURAL AND FACTUAL BACKGROUND........................................................... 1

    A. Plaintiff Sonrai ................................................................................................................ 1

    B. Oracle .............................................................................................................................. 2

III. LEGAL STANDARD............................................................................................................ 2

IV. ARGUMENT......................................................................................................................... 3

    A. The Austin Division Is Clearly More Convenient Than the Waco Division ......... 4

        1. The Ease of Access to Sources of Proof Favors Transfer........................... 4

        2. The Cost of Attendance of Willing Witnesses Favors Transfer ................ 5

        3. The Absence of Other Practical Problems Favors Transfer....................... 6

        4. The Court Congestion Favors Transfer to Austin...................................... 7

        5. The Local Interests Strongly Favor Transfer ............................................. 8

    B. All Other Factors are Neutral, None Weigh Against Transfer ............................. 8

V. CONCLUSION....................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Apple Inc.*,
  No. 2021-187, 2021 WL 4485016 (Fed. Cir. Oct. 1, 2021)..........................................................6

*In re Apple*,
  979 F.3d 1332 (Fed. Cir. 2020)..................................................................................................8

*Datascape, Ltd., v. Dell Techs., Inc.*,
  No. 6:19-cv-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019) ......................3, 4, 5, 7

*Freshub, Inc. v. Amazon.com Inc. et al.*,
  No. 1:19-cv-00885-ADA, Dkt. 29 (W.D. Tex. Sept. 9, 2019) ...........................................3, 4, 6

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009)..................................................................................................7

*Hammond Dev. Int'l, Inc. v. Amazon.com, Inc.*,
  No. 6:19-cv-00355-ADA, 2020 WL 6136783 (W.D. Tex. Mar. 30, 2020)...............................6

*McCloud v. McClinton Energy Grp., L.L.C.*,
  No. 14-cv-620, 2014 WL 6388417 (W.D. Tex. Nov. 14, 2014).................................................5

*Micropairing Techs. LLC v. Toyota Mfg. Tex., Inc.*,
  No. 6-20-CV-01001-ADA, 2021 WL 4526704 (W.D. Tex. Oct. 1, 2021)....................3, 4, 7, 8

*Mimedx Grp., Inc. v. Texas Hum. Biologics, Ltd.*,
  No. 1:14-cv-464-LY, 2014 WL 12479284 (W.D. Tex. Aug. 12, 2014)............................3, 6, 7

*In re Netscout Sys., Inc.*,
  No. 2021-173, 2021 WL 4771756 (Fed. Cir. Oct. 13, 2021).....................................................7

*In re Nintendo Co. Ltd.*,
  589 F.3d 1194 (Fed. Cir. 2009)..................................................................................................4

*In re Pandora*,
  No. 2021-172, 2021 WL 4772805 (Fed. Cir. Oct. 13, 2021).................................................5, 6

*Parkervision, Inc. v. Intel Corp.*,
  2021 WL 401989 (W.D. Tex. 2021)..........................................................................................7

*In re Radmax, Ltd.*,
  720 F.3d 285 (5th Cir. 2013) ..............................................................................................1, 3, 5

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Sonrai Memory Limited v. Amazon.com, Inc.*,
    No. 6:21-cv-991 (W.D. Tex. Sept. 24, 2021) ...........................................................................7

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008)................................................................................................8

*VLSI Tech. v. Intel*,
    2019 WL 8013949 ...................................................................................................................4

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) (en banc) ...............................................................................2, 3

**Statutes**

28 U.S.C. § 1404(a) ...........................................................................................................1, 2, 3, 8

iii

**I.      INTRODUCTION**

Oracle respectfully moves to transfer this case from the Waco Division to the Austin Division of the Western District of Texas (WDTX) because it is the clearly more convenient venue for this dispute under 28 U.S.C. § 1404(a).

Plaintiff Sonrai is a company based in Ireland with no known connection to Waco, Texas. (Am. Compl. ¶¶ 2-3.) By all accounts, Sonrai maintains no facilities, no employees and no documents anywhere in the WDTX, let alone in the Waco Division where it chose to file this lawsuit. In contrast, Oracle has its corporate headquarters in the Austin Division of the WDTX and has no offices or employees who work in the Waco Division. In accordance with the relevant factors set forth in *In re Radmax, Ltd.*, 720 F.3d 285 (5th Cir. 2013) the Austin Division is clearly the more convenient forum for this dispute because several key factors weigh in favor of transfer and none weigh against.

**II.     PROCEDURAL AND FACTUAL BACKGROUND**

Sonrai asserts a single patent against Oracle. The patent-in-suit is U.S. Patent No. 6,829,691 (the "'691 patent" or "Asserted Patent"), and the accused products are Oracle's SPARC servers that include SPARC processors. Sonrai has filed one other case asserting the '691 patent, but that case was filed 7 months after this one. Sonrai also has filed a number of other cases against other defendants both inside and outside of this district as well as in the ITC alleging infringement of different Sonrai patents.

   **A.     Plaintiff Sonrai**

Sonrai is a limited liability company organized and existing under the law of Ireland and has its principal place of business in Dublin, Ireland. (Am. Compl. ¶ 2.) Sonrai's complaint alleges no facts suggesting that it has any connection to the state of Texas, the WDTX, or specifically to the Waco Division. (*See generally,* Am. Compl.) The Asserted Patent identifies

1

two inventors, who both appear to reside in California. (Dkt. No. 1-1 at 2.)

      **B.    Oracle**

Oracle has its principal place of business and World Headquarters in the Austin Division of the WDTX.  Specifically, Oracle has approximately 3,000 employees who work at its facilities in Austin, including a substantial, downtown campus located at 2300 Oracle Way - just three miles from the Austin courthouse.  Declaration of Diane Currier in Support of Oracle's Motion for Intra-District Transfer ("Currier Decl.") at ¶ 3.  Oracle's Austin facilities provide ready access to records relevant to the design, manufacturing, sales and marketing of the Accused Products; no such records are stored or maintained in the Waco Division.  Currier Decl. at ¶¶ 7-8.

Oracle anticipates that several Oracle employees are likely to be witnesses at trial in this case, including employees who work at Oracle's Austin facilities.  Currier Decl. at ¶¶ 5-6.  This includes the manager of the SPARC sales organization.  *Id.*  In addition, Oracle anticipates that employees from outside of Texas also are likely to be witnesses in this case.  *Id.* at ¶ 5.  None of the Oracle witnesses are based in Waco, but all would be able to conveniently work from Oracle's offices in Austin if trial was held in the Austin Division.

## III.    LEGAL STANDARD

For the convenience of parties and witnesses and in the interest of justice, a district court may transfer any action to any other district where the case "might have been brought."  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc) (quoting 28 U.S.C. § 1404(a)).  Once that threshold is met, courts then determine if the transferee venue is "clearly more convenient" by weighing the relative convenience of each venue, considering: (1) access to sources of proof; (2) availability to secure the attendance of witnesses; (3) cost of attendance for witnesses; (4) other practical problems making trial easy, expeditious and inexpensive; (5) administrative difficulties from court congestion; (6) local interest to decide localized issues; (7)

2

forum's familiarity with the governing law; and (8) avoidance of conflict of laws or foreign law. *Radmax*, 720 F.3d at 288 (quoting *Volkswagen*, 545 F.3d at 315).

Section 1404(a) "appl[ies] as much to transfers between divisions of the same district as to transfers from one district to another." *Radmax*, 720 F.3d at 288. The WDTX has repeatedly recognized and affirmed this principle. Here, because there are several relevant connections to Austin and none to Waco, this case should be transferred to the Austin Division. *See Micropairing Techs. LLC v. Toyota Mfg. Tex., Inc.*, No. 6-20-CV-01001-ADA, 2021 WL 4526704, at *6 (W.D. Tex. Oct. 1, 2021); *Freshub, Inc. v. Amazon.com Inc. et al.*, No. 1:19-cv-00885-ADA, Dkt. 29 at 2-3 (W.D. Tex. Sept. 9, 2019); *Datascape, Ltd., v. Dell Techs., Inc.*, No. 6:19-cv-00129-ADA, 2019 WL 4254069, at *2 (W.D. Tex. June 7, 2019); *Mimedx Grp., Inc. v. Texas Hum. Biologics, Ltd.*, No. 1:14-cv-464-LY, 2014 WL 12479284, at *3 (W.D. Tex. Aug. 12, 2014).

## IV.   ARGUMENT

The Court should transfer this case to the Austin Division, which is the clearly more convenient forum. First, Sonrai's complaint confirms that this case could have been filed in Austin. It alleges, for example, that Oracle's "principal place of business" is in Austin and further notes that Oracle's "World Headquarters" are located in Austin. (Am. Compl. at ¶¶ 3 and 6.) Based on Sonrai's own allegations, this case "might have been brought" in Austin. *Mimedx*, 2014 WL 12479284, at *1 (citing *Volkswagen*, 545 F.3d at 312). Indeed, Sonrai's complaint alleges no facts specifically supporting venue in the Waco Division. (*See generally,* Am. Compl.). Second, a detailed analysis of the private and public interest factors indicates that Austin is the clearly more convenient venue.

3

### A. The Austin Division Is Clearly More Convenient Than the Waco Division

No party to this action has any relevant connection to the Waco Division and Sonrai has no relevant connection to Texas whatsoever. Conversely, Oracle's World Headquarters are located in Austin. Accordingly, this is a case – like several others the Court has transferred from Waco to Austin – where the factors favoring transfer clearly weigh in favor of transfer to the Austin Division. See *Micropairing*, 2021 WL 4526704, at *2 and 6; *Freshub,* 1:19-cv-00885-ADA, Dkt. 29 at 2-3; *Datascape*, 2019 WL 4254069, at *2-3.

### 1. The Ease of Access to Sources of Proof Favors Transfer

Evidence in a patent infringement case typically comes from the accused infringer. *See In re Nintendo Co. Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) (applying 5th Circuit law). As this Court has observed "[t]he presence of physical facilities does indeed suggest that it is easier to access documents" where those physical facilities are located. *Micropairing*, 2021 WL 4526704, at *3 (citing *VLSI Tech. v. Intel*, 2019 WL 8013949, at *3 (granting Intel's intra-district motion to transfer from the Waco Division to the Austin Division in part because Intel had a campus in Austin)).

Oracle has no relevant operations, personnel, or documents in the Waco Division, but has its World Headquarters in Austin. Currier Decl. at ¶¶ 3 and 8. Therefore, access to Oracle's relevant evidence—including sensitive technical documents—can easily be arranged in Austin where Oracle has its principal place of business. *Id.* at ¶¶ 3, 7, and 8. Indeed, as this Court has recognized, where a party has a campus in a transferee division and no major presence in the division where the complaint was brought, this factor weighs in favor of transfer. *Micropairing*, 2021 WL 4526704, at *2 (citing *VLSI*, 2019 WL 8013949, at *3 (granting transfer where "Intel has a campus in Austin, but not in Waco, [making] it [ ] easier to access Intel's electronic documents from Austin than from Waco")).

Sonrai, for its part, identifies no sources of its own evidence in the Waco Division (let alone anywhere WDTX). Thus, any relevant evidence in the WDTX is in Austin – not Waco, and, thus, the relative ease of access to the sources of proof factor weighs heavily in favor of transfer to the Austin Division. *See McCloud v. McClinton Energy Grp., L.L.C.*, No. 14-cv-620, 2014 WL 6388417, at *3 (W.D. Tex. Nov. 14, 2014) (granting intra-district transfer even though "not 'all' the evidence" was in the transferee district, but "certainly the bulk of it is" was and plaintiff "point[ed] to no evidence in . . . or within the [transferor division]"); *see also Radmax*, 720 F.3d at 288 (pertinent question is "*relative* ease of access" not "*absolute* ease of access" (alterations in original)); *Datascape*, 2019 WL 4254069, at *2 (same).

### 2. The Cost of Attendance of Willing Witnesses Favors Transfer

The cost of attendance for the willing witnesses factor also weighs in favor of transfer. This factor appropriately considers the cost of attendance of *all* willing witnesses including party and non-party. *In re Pandora*, No. 2021-172, 2021 WL 4772805, at *2-3 (Fed. Cir. Oct. 13, 2021).

As an initial matter, Oracle has no presence in the Waco Division. Currier Decl. at ¶ 8. In addition, Sonrai also has no presence in Waco, and none of the named inventors reside there. In contrast, Oracle's World Headquarters are located in Austin, which is home to several Oracle witnesses. Currier Decl. at ¶¶ 3-6. This includes the head of the SPARC sales organization, Tania Bawa, and several members of her sales force. *Id.* Oracle also anticipates it will have at least one technical witness located outside of Texas – Anne Powell, a Senior Principal Hardware engineer based in Vancouver, British Columbia. *Id.* at 5.

For the Oracle witnesses located in Austin, travel to Waco—over 100 miles away—will be burdensome and inconvenient, as it will add travel time, force them to be away from work and families, and impose additional expense. These burdens are unnecessary when this District has a courthouse in Austin – just three miles from Oracle's headquarters.

5

For those witnesses who are not based in Austin, traveling to Austin is clearly more convenient and less costly than traveling to Waco. For example, Oracle witnesses from outside Texas can fly directly to Austin, but would have to connect to Waco or drive there from Dallas. The same is true for Sonrai witnesses from Ireland would have to make an additional stop to travel to Waco.[1] *In re Apple Inc.*, No. 2021-187, 2021 WL 4485016, at *2 (Fed. Cir. Oct. 1, 2021) (referencing the lack of direct flights from California to Waco); see also *Mimedx*, 2014 WL 12479284, at *2 (finding that the eighty-mile driving distance between Austin and San Antonio weighed in favor of transfer).

In addition, Oracle's Austin facilities will afford all Oracle witnesses, regardless of their residency, the opportunity to work at Oracle facilities if and when they need to travel to Austin. *See Hammond Dev. Int'l, Inc. v. Amazon.com, Inc.*, No. 6:19-cv-00355-ADA, 2020 WL 6136783, at *4 (W.D. Tex. Mar. 30, 2020) (finding the convenience of witnesses weighed in favor of transfer to Austin, where the defendant had offices in Austin, and out of town witnesses "can work in the Austin offices"). This greatly minimizes the inconvenience of being away from home.

Here, because the travel times to Waco are greater for all potential witnesses this factor weighs heavily in favor of transfer to Austin. *See Freshub*, 1:19-cv-00885-ADA, Dkt. 29 at 3; *Mimedx*, 2014 WL 12479284, at *2.

### 3.   The Absence of Other Practical Problems Favors Transfer

First, this case is still in its pre-*Markman* hearing phase and discovery has not yet commenced. Thus, transferring this case to Austin does not pose a risk of any meaningful delay

---

[1] As the Federal Circuit has noted, "[t]here is no major airport in the Waco Division of the Western District of Texas." *Pandora*, 2021 WL 4772805, at *6. Therefore, Austin would also be more convenient for those witnesses flying to trial from outside of Texas.

for a just resolution.  *See Mimedx*, 2014 WL 12479284, at *2; *Datascape*, 2019 WL 4254069, at *3.

Second, the only other case where the '691 patent is being asserted was filed very recently.[2]  This Court has gained no special knowledge about this case or this patent that would make resolution before this Court more efficient.[3]  Moreover, because this other recent case was filed after the Complaint in this case it is irrelevant to the transfer analysis.  *See In re Netscout Sys., Inc.*, No. 2021-173, 2021 WL 4771756, at *4 (Fed. Cir. Oct. 13, 2021).  And, although Sonrai has filed other cases before this Court and others, including the C.D. Cal., those cases also are in their early stages and involve different patents.  At bottom, this factor also favors transfer.

### 4.   The Court Congestion Favors Transfer to Austin

This "factor is the 'most speculative' of the factors bearing on the transfer decision." *Micropairing*, 2021 WL 4526704, at *5 (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009)).  However, there is a dramatic difference in the number of active patent cases pending in Waco (over 800) versus those pending in Austin (less than 30).  Ex. 1, (identifying active patent cases by division).  This indicates that court congestion is much greater in Waco than it is in Austin.  Therefore, this factor, although speculative, also favors transfer to Austin.

To the extent Sonrai is focused on the likely case schedule and specific time to trial, the Federal Circuit has noted that "a court's general ability to set a fast-paced schedule is not particularly relevant to this factor… Indeed, a district court cannot merely set an aggressive trial date and subsequently conclude, on that basis alone, that other forums that historically do not

---

[2] Complaint against *Amazon.com, Inc.* in Case No. 6:21-cv-991 (W.D. Tex.) filed Sept. 24, 2021.
[3] As this Court has recognized, even when the same patents are at issue in different cases, those cases "will not necessarily be expedited by being in the same court." *Micropairing*, 2021 WL 4526704, at *5 (citing *Parkervision, Inc. v. Intel Corp.*, 2021 WL 401989, at *6 (W.D. Tex. 2021)).

7

resolve cases at such an aggressive pace are more congested for venue transfer purposes." *In re Apple*, 979 F.3d 1332, 1344 (Fed. Cir. 2020).  And, even if the Court elects to keep this case on its own docket, this factor would be, at worst, neutral.

### 5.  The Local Interests Strongly Favor Transfer

The "local interest" in having the case decided at home weighs heavily in favor of transfer to the Austin Division because Austin is the home to Oracle's World Headquarters. (Am. Compl. at ¶ 6.)  In contrast, neither Sonrai nor Oracle has any relevant contacts with the Waco Division.  (*See* Section II, above.)[4]  In *Micropairing*, the Court concluded that the local interests favored transfer where the defendant had facilities and employees located in the transferee division, but not in the transferor division.  The same is true here.  Indeed, Oracle's World Headquarters are located in the Austin Division, which is an even greater connection to Austin than was found to favor transfer in *Micropairing*.  Therefore, the local interest factor also favors transfer to Austin.

### B.  All Other Factors are Neutral, None Weigh Against Transfer

The remaining factors are neutral.  First, the compulsory subpoena power for unwilling third-party witnesses is the same for both the Austin and Waco Divisions.  Second, both divisions are familiar with and equally capable of applying federal patent law, and regardless of the division, neither would present a conflict of law or require the application of foreign law.

## V.  CONCLUSION

For the foregoing reasons, Oracle respectfully requests that the Court transfer this case to the Austin Division because it is clearly more convenient than the Waco Division.

---

[4] Sonrai's "choice of venue" in this patent suit does not weaken the factors strongly weighing in favor of transfer to Austin as the "Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008); *see Radmax*¸720 F.3d at 289.

Dated: November 3, 2021

Respectfully submitted,

*/s/ John M. Guaragna*
John M. Guaragna (Bar No. 24043308)
DLA PIPER LLP (US)
303 Colorado St., Suite 3000
Austin, TX 78701
Telephone: (512) 457-7000
Facsimile: (512) 457-7001
john.guaragna@us.dlapiper.com

Kathryn Riley Grasso (admitted pro hac vice)
Henry R. Fildes (admitted pro hac vice)
DLA PIPER LLP (US)
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4181
Facsimile: (202) 799-5215
kathryn.riley@us.dlapiper.com
henry.fildes@us.dlapiper.com

Dawn M. Jenkins (Bar No. 24074484)
Jackob Ben-Ezra (Bar No. 24073907)
DLA PIPER LLP (US)
1000 Louisiana Street, Suite 2800
Houston, TX 77002-5005
Telephone: (713) 425-8400
Facsimile: (713) 425-8401
dawn.jenkins@us.dlapiper.com
jackob.ben-ezra@us.dlapiper.com

ATTORNEYS FOR DEFENDANT ORACLE CORP.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), counsel for the parties have conferred and plaintiff is opposed to this motion.

*/s/ John M. Guaragna*
John M. Guaragna

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on November 3, 2021, pursuant to Local Rule CV-5(a) and has been served on all counsel whom have consented to electronic service. Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ John M. Guaragna*
John M. Guaragna