IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SONRAI MEMORY LIMITED,<br>*Plaintiff* | §<br>§<br>§ | |
| | § | 6:21-CV-00116-ADA |
| -v- | §<br>§ | |
| | § | |
| ORACLE CORPORATION,<br>*Defendant* | §<br>§ | |

## TRANSFER OPINION AND ORDER

Before the Court is Oracle Corporation's Motion to Transfer. After considering the parties' briefs (Dkt. Nos. 29, 33, 34), the Court **GRANTS** defendant's motion to transfer.

### I. BACKGROUND

Plaintiff Sonrai Memory Limited filed this lawsuit on November 19, 2020, accusing Defendant Oracle Corporation of patent infringement. Dkt. No. 1. The complaint alleges infringement of U.S. Patent No. 6,829,691 ("the '691 Patent" or "Asserted Patent") by Oracle's SPARC servers and SPARC processors. *Id.*

Sonrai is a company based in Ireland. Dkt. No. 1 ¶ 2. The inventors reside in California. Dkt. No. 1-1 (listing residences on patent cover).

Oracle has its principal place of business and world headquarters in Austin, with approximately 3,000 employees occupying roughly 900,000 square feet located at 2300 Oracle Way, just three miles from the Austin Courthouse. Dkt. No. 29-1 ¶ 3. Oracle has no relevant facilities, operations, or documents in Waco. *Id.* ¶ 8. Former Oracle engineer Christopher Olson has relevant knowledge of the accused products and resides in Austin. *Id.* ¶ 5. Other unidentified engineers worked in Northern California. *Id.* Current Oracle engineer Anne Powell has relevant knowledge and resides in British Columbia. *Id.* Oracle's Director of Sales Tania Bawa works in

1

Austin, along with other regional managers and sales representatives, all of whom have relevant knowledge of sales of the accused SPARC product. *Id.* ¶ 6.

## II. LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under Section 1404(a) is whether a civil action might have been brought in the transfer destination venue. *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law

that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on the conduct of a defendant after suit has been instituted. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The burden to prove that a case should be transferred for convenience falls on the moving party. *Volkswagen II*, 545 F.3d at 314. The burden that a movant must carry is not that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 315. Although the plaintiff's choice of forum is not a separate factor entitled to special weight, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id*. at 314-315. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

### III. ANALYSIS

This case could have been brought in Austin.  Dkt. No. 1 ¶¶ 3, 6.  The Court now evaluates the private and public interest factors.

**A. The Private Interest Factors Clearly Favor Transfer.**

### *i.*      *The Relative Ease of Access to Sources of Proof Slightly Favors Transfer.*

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases

3

in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

Although the physical location of electronic documents does affect the outcome of this factor under current Fifth Circuit precedent (*see Volkswagen II*, 545 F.3d at 316), this Court has stressed that the focus on physical location of electronic documents is out of touch with modern patent litigation. *Fintiv*, 2019 WL 4743678, at *8. "[A]ll (or nearly all) produced documents exist as electronic documents on a party's server. Then, with a click of a mouse or a few keystrokes, the party produces these documents" and makes them available at almost any location. *Uniloc 2017 LLC v. Apple Inc.,* 6-19-CV-00532-ADA, 2020 WL 3415880, at *9 (W.D. Tex. June 22, 2020). Other courts in the Fifth Circuit similarly found that access to documents that are available electronically provides little benefit in determining whether a particular venue is more convenient than another. *See, e.g., Uniloc USA Inc. v. Samsung Elecs. Am., Inc.*, No. 2:16-CV-638-JRG, 2017 WL 11631407, at *4 (E.D. Tex. Apr. 19, 2017) ("Despite the absence of newer cases acknowledging that in today's digital world computer stored documents are readily moveable to almost anywhere at the click of a mouse, the Court finds it odd to ignore this reality in favor of a fictional analysis that has more to do with early Xerox machines than modern server forms.").

Here, the parties have not identified any physical evidence to sway this factor. Nor have the parties identified any electronic documents in Waco. The accused infringer, Oracle, has electronic documents in Austin. Thus, this factor favors transfer, but only slightly due to the ease of transferring electronic documents.

>   ### ii.       *The Availability of Compulsory Process to Secure the Attendance of Witnesses is Neutral.*

Neither party argues for this factor in their favor. The Court finds this factor neutral.

>   ### iii.      *The Cost of Attendance for Willing Witnesses Favors Transfer.*

"The convenience of witnesses is the single most important factor in the transfer analysis." *Fintiv*, 2019 WL 4743678, at *6. This factor appropriately considers the cost of attendance of all willing witnesses including party and non-party. *In re Pandora*, No. 2021-172, 2021 WL 4772805, at *2-3 (Fed. Cir. Oct. 13, 2021). "Courts properly give more weight to the convenience of non-party witnesses than to party witnesses." *Netlist, Inc. v. SK Hynix Inc.*, No. 6:20-CV-00194-ADA, 2021 WL 2954095, at *6 (W.D. Tex. Feb. 2, 2021).

Neither party has witnesses in Waco. Oracle has numerous witnesses in Austin, including Tania Bawa, regional managers and additional sales representatives. More importantly, Oracle identified a non-party engineer in Austin. Due to multiple Oracle witnesses residing in Austin, this factor favors transfer. Because this factor already favors transfer, the Court does not need to address whether out-of-state witnesses further favors transfer.

>   ### iv.       *All Other Practical Problems Are Neutral.*

When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013).

Motions to transfer venue are to be decided based on "the situation which existed when suit was instituted." *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) (citations and quotations omitted). "While considerations of judicial economy arising *after* the filing of a suit do not weigh against transfer, a district court may properly consider any judicial economy benefits which would have been apparent at the time the suit was filed." *Id.* at 976. A district court's "experience with a patent in prior litigation and the co-pendency of cases involving the same patent are permissible considerations in ruling on a motion to transfer venue." *Id.* "[C]ourts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010).

Sonrai identifies multiple co-pending cases here in the Waco Division of the Western District of Texas. Dkt. No. 33 at 7 (citing cases). None of these co-pending cases involve the same patent, except for *Sonrai Memory Ltd. v. Amazon.com, Inc.*, filed on September 24, 2021. No. 6:21-cv-991-ADA (W.D. Tex.). The Court does not weigh this later-filed case in its analysis. Sonrai's brief fails to explain how this Court can gain any efficiency from the other co-pending cases regarding different patents. As a result, the Court finds this factor neutral.

**B.  The Public Interest Factors Favor Transfer.**

    ***i.   Administrative Difficulties is Neutral.***

The relevant inquiry under this factor is actually "[t]he speed with which a case can come to trial and be resolved." *In re Genentech, Inc.,* 566 F.3d 1338, at 1347 (Fed. Cir. 2009); *In re Apple*, 979 F.3d at 1343.

Oracle argues that this factor favors transfer by comparing the number of patent cases in Waco and in Austin. This is the wrong comparison. Oracle presents no evidence that cases in Austin reach trial any faster than cases in Waco. Due to the lack of evidence of trial times presented

by Oracle, the Court agrees with Sonrai that this factor "does not favor transfer to Austin." Dkt. No. 33 at 9. Because Sonrai also does not present evidence comparing the times to trial, the Court finds this factor neutral.

### ii. *Local Interest Favors Transfer.*

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-04387, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015).

Oracle recently relocated its worldwide headquarters to Austin. Sonrai argues that little weight should be given to the "recent and ephemeral" presence of a party. Oracle's 3,000 employee, 900,000 square feet campus required a long-term investment in Austin is anything but ephemeral. This campus includes Oracle's employees who sell the accused product. The salespeople will have an interest in whether they infringe or not. Thus, this factor favors transfer, and the Court does not discount the weight of this factor.

### iii. *Familiarity of the Forum with the Law Is Neutral.*

Neither party argues for this factor in their favor.

### iv. *Avoidance of Conflict of Laws Is Neutral.*

Neither party argues for this factor in their favor.

## IV. CONCLUSION

All factors either favor transfer or are neutral. No factors weigh against transfer. Having considered the Section 1404(a) factors, the Court finds that Austin is "clearly more convenient" than this District. Therefore, the Court **GRANTS** Defendant's Motion to Transfer.

The transfer shall proceed according to the regular transfer process regardless of which court in Austin this case will be assigned to.

SIGNED this 2nd day of February 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE